

# CR14 00243

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## *SAN JOSE DIVISION*

## THE UNITED STATES OF AMERICA
### vs.
## ROBERT W. SAUNDERS

## INDICTMENT

| | |
|---|---|
| **Counts One - Four:** | **18 U.S.C. § 1030(a)(5)(A) – Intentional Damage to a Protected Computer** |
| **Count Five:** | **18 U.S.C. § 1030(a)(2)(C) – Obtaining Information from a Protected Computer Without Authorization** |

*A true bill.*

_____
*Foreperson*

Filed in open court this 30th day of April
A.D. 2014

_____
*United States Magistrate Judge*

**Bail. $**  No Bail Arrest Warrant
_____





1   MELINDA HAAG (CABN 132612)
    United States Attorney
2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                         SAN JOSE DIVISION

12   UNITED STATES OF AMERICA,            )   CASE NO. **CR14    00243**
                                          )
13        v.                              )   VIOLATIONS: 18 U.S.C. § 1030(a)(2)(C) —
                                          )   Obtaining Information from a Protected Computer
14   ROBERT W. SAUNDERS,                  )   Without Authorization; 18 U.S.C. § 1030(a)(5)(A)
                                          )   — Intentional Damage to a Protected Computer; 18
15        Defendant.                      )   U.S.C. § 982(a)(2)(B) — Criminal Forfeiture
                                          )   Allegation; 18 U.S.C. §§ 1030(i) and (j) — Criminal
16                                        )   Forfeiture Allegation.
                                          )
17   _____)   SAN JOSE VENUE

18

19                          I N D I C T M E N T

20   The Grand Jury charges:

21   INTRODUCTORY ALLEGATIONS

22        At all times relevant to this indictment:

23        1.  NetSuite was a publicly traded company based in San Mateo, CA.  NetSuite provided integrated

24   business management solutions over a web-based architecture.  Netsuite's computer network was used

25   in and affecting interstate and foreign commerce and communication, and constituted a "protected

26   computer" pursuant to 18 U.S.C. § 1030(e)(2)(B).

27        2.  Sqlmap was an open source penetration testing tool that automated the process of detecting and

28   exploiting vulnerabilities on a web page.  An SQL injection was a technique used to obtain user account

                                           1

1  names and passwords from a database.

2  INTENTIONAL DAMAGE OF PROTECTED COMPUTER

3     3.  Between May 2012 and September 2012, the defendant intentionally and without authorization

4  accessed NetSuite's computer network to extract NetSuite's customer data.

5     4.  Using the sqlmap tool, the defendant successfully exfiltrated approximately 15,000 email

6  addresses and associated encrypted passwords from NetSuite's computer server.

7  COUNTS ONE THROUGH FOUR:  (18 U.S.C. § 1030(a)(5)(A)  — Intentional Damage to a Protected
Computer)

8

9     5.  Paragraphs 1 through 4 are re-alleged and incorporated as if fully set forth here.

10     6.  On or about the dates set forth in the separate counts below, in the Northern District of California

11  and elsewhere, the defendant,

12                 ROBERT W. SAUNDERS,

13  knowingly caused the transmission of a program, information, code, and command, and, as a result of

14  such conduct, intentionally caused damage without authorization to protected computers of NetSuite,

15  and caused loss to 1 or more persons during a 1-year period affecting protected computers aggregating at

16  least $5,000 in value, as follows:

| Count | Date |
| --- | --- |
| 1 | July 26, 2012 |
| 2 | August 21, 2012 |
| 3 | August 28, 2012 |
| 4 | August 31, 2012 |

All in violation of Title 18, United States Code, Section 1030(a)(5)(A).

/// 
/// 
///

2

1  COUNT FIVE:  (18 U.S.C. § 1030(a)(2)(C) — Obtaining Information from a Protected Computer
2  Without Authorization)

3      7.  Paragraphs 1 through 4 are re-alleged and incorporated as if fully set forth here.

4      8.  On or about August 31, 2012, in the Northern District of California and elsewhere, the

5  defendant,

6                          ROBERT W. SAUNDERS,

7  intentionally accessed a computer without authorization, and obtained information from a computer that

8  was used in or affected interstate and foreign commerce and communication, and the offense was

9  committed for purposes of commercial advantage and private financial gain, that is, the defendant

10 accessed  Netsuite's computers and exfiltrated approximately 15,000 email addresses and associated

11 encrypted passwords.

12 All in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(i).

13 FIRST CRIMINAL FORFEITURE ALLEGATION:  (18 U.S.C. § 982(a)(2)(B))

14     9.  The allegations contained in this Indictment are hereby realleged and incorporated

15 by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section

16 982(a)(2)(B) .

17     10. Upon conviction of any of the offenses set forth in Counts One through Five of this Indictment,

18 defendant,

19                          ROBERT W. SAUNDERS,

20 shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section

21 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a

22 result of such violation.  If any of the property described above, as a result of any act or omission of the

23 defendant:

24          a.     cannot be located upon the exercise of due diligence;

25          b.     has been transferred or sold to, or deposited with, a third party;

26          c.     has been placed beyond the jurisdiction of the court;

27          d.     has been substantially diminished in value; or

28          e.     has been commingled with other property which cannot be divided without

                                    3

1    difficulty, the United States of America shall be entitled to forfeiture of substitute property

2    pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United

3    States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c).

4 All pursuant to Title 18, United States Code, Section 982(a)(2)(B).

5 SECOND CRIMINAL FORFEITURE ALLEGATION: (18 U.S.C. §§ 1030(i) and (j))

6    11. The factual allegations contained in Counts One Through Five are hereby realleged for the

7 purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 1030(i) and (j).

8    12. Upon conviction of the offenses in violation of Title 18, United States Code, Section

9 1030(a)(5) set forth in Counts One Through Five of this Indictment, the defendant,

10                      ROBERT W. SAUNDERS,

11 shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1030(i)

12 and (j), any personal property used or intended to be used to commit or to facilitate the commission of

13 said violation or a conspiracy to violate said provision, and any property, real or personal, which

14 constitutes or is derived from proceeds traceable to the offenses, including but not limited to, a sum of

15 money equal to the total amount of proceeds defendant obtained or derived, directly or indirectly, from

16 the violation.

17    13. If any of the property described above, as a result of any act or omission

18 of the defendant:

19        a.     cannot be located upon the exercise of due diligence;

20        b.     has been transferred or sold to, or deposited with, a third party;

21        c.     has been placed beyond the jurisdiction of the court;

22        d.     has been substantially diminished in value; or

23        e.     has been commingled with other property which cannot be divided without

24    difficulty,

25 the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,

26 ///

27

28

1  United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 1030(i)(2).

2  All pursuant to Title 18 United States Code, Section 1030.

3

4  DATED:                                                    A TRUE BILL.

5                                                            FOREPERSON

6  MELINDA HAAG
   United States Attorney

7

8  MATTHEW A. PARRELLA
   Chief, Computer Hacking/Intellectual Property Unit

9

10 (Approved as to form: _____ )
                        AUSA PARRELLA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

---

**OFFENSE CHARGED**

COUNTS ONE THROUGH FOUR: 18 USC 1030(a)(5)(A) - Intentional Damage to a Protected Computer
COUNT FIVE: 18 USC 1030(a)(2)(C) - Obtaining Information from a Protected Computer Without Authorization

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See Attachment A

**DEFENDANT - U.S**

▶ ROBERT W. SAUNDERS

DISTRICT COURT NUMBER

CR14  00243  LHK

*E-Filing*

*HRL*

---

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)

**Federal Bureau of Investigation**

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY  ☐ DEFENSE

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

} MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on this form    Melinda Haag

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    Matthew A. Parrella

---

**DEFENDANT**

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No
} If "Yes" give date filed

**DATE OF ARREST**   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**   ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

*FILED*
*APR 3 0 2014*
*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

---

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: None

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

\* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

<u>Attachment A</u>
Maximum Penalties for
U.S. v. ROBERT W. SAUNDERS

<u>COUNTS ONE THROUGH FOUR:</u> 18 U.S.C. 1030(a)(5)(A) - Intentional Damage to a
Protected Computer (pursuant to § 1030(c)(4)(B)(i))

Maximum Sentence: 10 years
Maximum Fine: $250,000
Special Assessment: $100
Maximum Supervised Release: 3 years

<u>COUNT FIVE:</u> 18 USC 1030(a)(2)(C) - Obtaining Information from a Protected Computer
Without Authorization (pursuant to § 1030(c)(2)(B)(i))

Maximum Sentence: 5 years
Maximum Fine: $250,000
Special Assessment: $100
Maximum Supervised Release: 3 years